**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————

No. 23-13741
Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOSE SALAS-BORREGO,
a.k.a. Jose Salas

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20473-DPG-2

————————————

Before JORDAN, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Jose Salas-Borrego appeals his convictions for conspiracy to possess with intent to distribute cocaine aboard a vessel subject to

United States jurisdiction and substantive possession with intent to distribute cocaine on board a vessel subject to United States jurisdiction. He argues that (1) the government lacked authority to prosecute him for a felony committed on the high seas under the Maritime Drug Law Enforcement Act ("MDLEA"), as his conduct took place in the Dominican Republic's exclusive economic zone ("EEZ"), and EEZs are excluded from the high seas under contemporary international law; and (2) the MDLEA is unconstitutional—both facially and as applied to his circumstances—because it grants the United States jurisdiction based on a definition of "vessel without nationality" that includes vessels that are not stateless under international law; and (3) his right to due process was violated because the MDLEA lacks a nexus to the United States.

The government moves for summary affirmance, arguing that binding authority forecloses Mr. Salas-Borrego's claims. We agree with the government.

**I**

When a motion to dismiss the indictment is based on subject matter jurisdictional grounds, we review the district court's denial *de novo*. *See United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024). Likewise, we review "*de novo* a district court's interpretation of a statute and whether a statute is constitutional." *Id.* (quotation marks omitted).

The MDLEA makes it a crime to "knowingly or intentionally . . . possess with intent to manufacture or distribute, a controlled substance" on board "a [covered] vessel subject to the

jurisdiction of the United States," and to conspire to do the same. *See* 46 U.S.C. §§ 70503(a)(1), (e)(1), 70506(b). It defines a "vessel subject to the jurisdiction of the United States" as including "a vessel without nationality." § 70502(c)(1)(A). A "vessel without nationality" is defined to include "a vessel aboard which the master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel." § 70502(d)(1)(B). The MDLEA "applies even though the act is committed outside the territorial jurisdiction of the United States." § 70503(b).

Under Article I, § 8, Clause 10 of the Constitution, Congress has "three distinct grants of power: (1) the power to define and punish piracies, (the Piracies Clause); (2) the power to define and punish felonies committed on the high Seas, (the Felonies Clause); and (3) the power to define and punish offenses against the law of nations (the Offences Clause)." *Alfonso*, 104 F.4th at 820 (quotation marks omitted, alteration adopted); U.S. Const. art. I, § 8, cl. 10.

In *Alfonso*, the defendants appealed their convictions under the MDLEA, when the United States Coast Guard seized a vessel in the Dominican Republic's EEZ, challenging the constitutionality of the MDLEA as applied to them under the Felonies Clause. *See* 104 F.4th at 818-19. In response to their constitutional challenges, we noted that we "repeatedly have upheld the MDLEA as a valid exercise of Congress' power to define and punish . . . Felonies on the high Seas." *Id.* at 820 (quotation marks omitted, second

alteration in original).  We also held that "international law does not limit the Felonies Clause."  *Id.* at 826.  We further held that a nation's EEZ is "part of the 'high seas' for purposes of the Felonies Clause in Article I of the Constitution," and thus, "enforcement of the MDLEA in EEZs is proper."  *Id.* at 823, 827.

We affirmed this holding in a case in which two appellants—one seized in a vessel 37 nautical miles north of Panama, the other seized in a vessel 145 nautical miles north of Colombia—challenged the district court's jurisdiction, arguing, as relevant here, that the MDLEA exceeds Congress' authority under the Felonies Clause of the Constitution, and that one appellant's arrest did not occur on the high seas because he was arrested in Colombia's EEZ. *See United States v. Canario-Vilomar*, 128 F.4th 1374, 1376–78 (11th Cir. 2025).  We relied on *Alfonso* and similarly concluded that Congress was not constrained by international law in crafting the MDLEA.  *See id.* at 1381.  Again relying on *Alfonso*, we rejected an appellant's argument "that Congress could not reach him merely because he chose to traffic drugs in Colombia's EEZ rather than farther out into the open ocean."  *Id.* at 1382.

"Under our prior-panel-precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*."  *Id.* at 1381 (quotation marks omitted, alteration adopted).  We have "categorically rejected an overlooked reason or argument exception to the prior-panel precedent rule."  *Id.* (quotation marks omitted).

Here, the government is clearly correct as a matter of law that Mr. Salas-Borrego's arguments as to this issue are foreclosed by our holdings in *Alfonso* and *Canario-Vilomar* that EEZs are part of the high seas and enforcement of the MDLEA in EEZs is proper. We grant the government's motion as to this issue.

## II

In *Canario-Vilomar*, we also rejected the appellants' argument "that the MDLEA's definition of a vessel without nationality—specifically, the inclusion of vessels for which a claimed nation can neither confirm nor deny registration—is ultra vires." 128 F.4th at 1381. Relying on *Alfonso*'s holding that the Felonies Clause is not limited by customary international law, we reasoned that "[i]t follows that international law cannot limit Congress's authority to define 'stateless vessel' for purposes of the MDLEA," such that appellants' argument was foreclosed, even though *Alfonso* did not address this precise issue. *Id.* (citing *Alfonso*, 104 F.4th at 826).

Here, the government is clearly correct as a matter of law that international law does not limit Congress' authority to define what constitutes a stateless vessel without nationality for the purposes of the MDLEA, and that Salas-Borrego's instant argument is foreclosed by our precedent. We grant the government's motion as to this issue as well.

## III

In *Canario-Vilomar*, an appellant asserted that "that the MDLEA violates principles of due process because it allows the United States to assert jurisdiction over foreign nationals for

conduct that bears no nexus with the United States," although the appellant acknowledged that we had rejected similar arguments. *See* 128 F.4th at 1382. We agreed with the appellant that the argument was "plainly foreclosed by [its] binding precedent." *Id.* at 1382–83. In so holding, we emphasized that we "ha[d] explained repeatedly" that "the conduct proscribed by the MDLEA need not have a nexus to the United States because universal and protective principles support its extraterritorial reach." *Id.* at 1383 (quotation marks omitted, alteration adopted).

Here, the government is clearly correct as a matter of law that Mr. Salas-Borrego's argument as to this issue is foreclosed by controlling authority holding that the MDLEA need not have a nexus to the United States in light of universal and protective principles. We grant the government's motion as to this issue too.

## IV

Accordingly, we GRANT the government's motion for summary affirmance.

**AFFIRMED.**